## YOUNG v. POOLE.

### No. 9,472; March 25, 1887.

#### 13 Pac. 492.

**Sale—Delivery as Against Creditors of Seller.**—Where negotiations for a sale by an employer to his employee of certain property, including safes, were made in March, but the sale was not consummated until April 1st, upon which day the vendor was sued by a creditor, and, after the sale, the property remained in the same building as before, but the vendee's name appeared on the sign as successor to the vendor, held, that the sale was not followed by immediate delivery, and an actual and continued change of possession, as required by Civil Code of California, section 3440, and execution obtained by the vendor's creditor could be levied on the safes.

APPEAL from Superior Court, City and County of San Francisco.

On September 14, 1881, the defendant, Poole, was United States marshal for the district of California. Upon that day, under an execution duly issued out of the circuit court of the United States for the district of California, on a judgment therein in favor of the Wallamet Falls Canal & Lock Company, and against one Jonathan Kittredge, he levied upon, and thereafter sold, as the property of said Kittredge, four iron safes. Richard Young, the plaintiff, brought this action in the nature of trover in the superior court of the city and county of San Francisco, to recover the value of said safes, alleging that they were his property and in his possession at the time of the levy. Upon the trial below, before Evans, J., a jury being waived, the evidence showed that the bill of sale of the property in question from Kittredge to Young, under which Young claims title, was executed April 1, 1881, the day upon which the summons in the said action by the Wallamet Falls etc. Company was served upon said Kittredge. After the sale to Young, the property remained in the same building as before, Kittredge and Young reversing their former positions of master and servant, and Young placing his name, "as successor," over the sign of Kittredge, in front of the building. The material facts in regard to the

sale appear in the opinion. Judgment for plaintiff. Defendant appeals.

E. W. McGraw for appellant; Lattimer & Morrow for respondent.

By the COURT.—This action is to recover personal property levied upon as the property of Jonathan Kittredge. The plaintiff claims as purchaser from Kittredge. The negotiations for the sale were made in March, but the sale was not consummated until April 1st—the day on which summons was served on Kittredge. The levy of the execution was in September following. We think the undisputed facts show that the sale was not followed by immediate delivery, and an actual and continued change of possession, such as is required by section 3440, Civil Code.

Judgment and order reversed and a new trial ordered.